**Lafiro Maximino BENAVIDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–177–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 11, 1988.

Bernard S. Kahn, attorney at law, Brownsville, Tex., for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, Tex., for State.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

**OPINION ON MOTION FOR REHEARING**

NYE, Chief Justice.

■ Appellant presents two points of error in his motion for rehearing. By his first point of error, appellant complains that this Court erred in not recognizing the trial court's failure to abide by a plea bargain struck with him. However, a meticulous scrutiny of the entire record reveals that no plea bargain existed. Moreover, the trial court, prior to accepting appellant's plea of nolo contendere, duly admonished him on the existence of plea bargains as follows:

THE COURT: Is there any plea bargaining in this case?

MR. OLSON [State's attorney]: No, Your Honor.

MR. VELA [Defendant's attorney]: No, Your Honor.

THE COURT: All right, your attorney and the State's attorney tell me that there is no plea agreement that's been entered in this case. Is that correct?

THE DEFENDANT: Yes, Sir.

THE COURT: In other words, there's not a written recommendation to the Court. What both your attorney and the State's attorney may do at the time of sentencing, of course, they will recom-

mend some sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: So I'm not bound to follow any type of sentence at this time. Do you understand that?

THE DEFENDANT: Yes, sir.

Appellant's first point of error is overruled.

In his second point of error, appellant complains that there was insufficient evidence to support his conviction. A review of the evidence as stipulated to by the appellant establishes all of the elements of the charged offense. Point of error two is overruled.

Appellant's points of error have been considered and are overruled.

The motion for rehearing is OVERRULED.